KING-PARKER, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8315.   Promulgated April 18, 1927.

Reasonable salaries paid to officers of a close corporation found to have been informally authorized within the year and *held* to be deductible expense.

*Paul F. Myers, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

This proceeding results from Commissioner's determination of a deficiency in income and profits taxes for the calendar years 1920 and

1921, in the total amount of $1,859.15, of which approximately $1,642.99, relating to the year 1920, is in controversy. The petitioner contests the disallowance of a portion of the deduction claimed for salaries paid for 1920.

### FINDINGS OF FACT.

Petitioner is a New York corporation, with principal offices in the City of New York. From the incorporation, in 1919, through the year in question, all the stock, save some qualifying shares, was owned by Henry King and Charles S. Isaacs, who were president and secretary-treasurer, respectively. These two individuals conducted the business as their own, the remaining directors being named only for the purpose of complying with the law. They had advanced money to the petitioner from time to time, as it was needed in the business, which advances were represented by petitioner's promissory notes. None of these advances were repaid in whole or in part, but remained outstanding obligations of the petitioner through the year in controversy.

Due to the need of money in the business, the salaries of the two officers and stockholders were made dependent to a large degree upon the financial success of the business. A formal resolution, under date of May 23, 1919, fixed the salaries of King and Isaacs as $50 per week, each, and such other compensation as the board of directors decided from time to time to be fair and proper additional compensation for the services rendered. No further formal action was taken regarding salaries until after the year in question. During the year 1920, each officer was actually paid $50 per week until June 1, and thereafter $60 per week until the close of the year. In addition to these regular weekly payments, additional compensation for personal services actually rendered, in the amounts specified, was made to each of the officers on the dates indicated below:

| July 12 | $100 | August 16 | $500 | November 5 | $250 |
| July 28 | 250 | September 10 | 250 | December 7 | 250 |
| August 4 | 250 | October 19 | 500 | December 15 | 500 |

These amounts were paid to King and Isaacs pursuant to an informal meeting and agreement between them, after a discussion and consideration of the services rendered by them and the ability of the corporation to pay.

During 1920 King and Isaacs each were paid a salary totaling $5,810. The respondent allowed the total paid at the rate of $50 per week during the first part of the year, and $60 per week during the latter part of the year, but disallowed the irregular payments stipulated above as not being authorized within the year, or as representing dividends or sums withdrawn in repayment of advances made to the petitioner by King and Isaacs.

OPINION.

MILLIKEN: The respondent concedes the reasonableness of the total salary payments made to King and Isaacs in the year 1920. The question presented is whether the compensation to the two officers and directors was properly determined and constituted a deductible expense for the year. From the evidence adduced we have found as a fact that the payments were made for personal services actually rendered in the year 1920, as distinguished from repayments for loans or money advanced or dividends declared or paid. Petitioner was a close corporation and the additional salaries claimed as a deduction were agreed upon and authorized pursuant to the informal agreement entered into and meetings held in the year 1920. See *Appeal of Reub Isaacs & Co.*, 1 B. T. A. 45.

> *Judgment will be entered on 15 days' notice, in accordance with Rule 50.*